IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| DARRON FAIR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIV-20-741-SLP |
| | ) | |
| SCOTT CROW, et. al., | ) | |
| | ) | |
| Defendants. | ) | |

REPORT AND RECOMMENDATION

Plaintiff, a state prisoner appearing *pro se* and *in forma pauperis*, initiated this action under 42 U.S.C. § 1983 alleging violations of his federal constitutional rights. Doc. No. 1 ("Comp."). This matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). Following the requisite screening of Plaintiff's Complaint, the undersigned recommends the transfer of this action to the United States District Court for the Northern District of Oklahoma.

I. Plaintiff's Claims

Plaintiff is currently incarcerated at the Joseph Harp Correctional Center located in Lexington, Oklahoma. Comp. at 2. By this lawsuit, however, he complains primarily of actions taken by officials of, and events that occurred at, the Northeast Oklahoma Correctional Center ("NOCC") located in Vinita,

Oklahoma, where Plaintiff was previously incarcerated. *Id.* at 4-10.

## II. Screening of Prisoner Complaints

A federal district court must review complaints filed by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). After conducting an initial review, a court must dismiss a complaint or any portion of it presenting claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

Additionally, one aspect of screening is reviewing whether venue is proper "when the defense is obvious from the face of the complaint and no further factual record is required to be developed." *Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006) (citation omitted). "[T]the court acting on its own motion, may raise the issue of whether a change of venue would be in the interest of justice." *Love's Travel Stops & Country Stores, Inc. v. Oakview Constr., Inc.*, No. CIV-10-235-D, 2010 WL 4811450, at *6 (W.D. Okla. Nov. 19, 2010).

## III. Analysis

"[T]he term 'venue' refers to the geographic specification of the proper court or courts for the litigation of a civil action . . . ." 28 U.S.C. § 1390(a). The proper venue for Plaintiff's action is in the "judicial district in which any

2

defendant resides" or the "judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ." 28 U.S.C. § 1391(b)(1), (2).

Venue for this matter lies in the Northern District of Oklahoma. Based on the Complaint, it appears every "part of the events or omissions giving rise to [Plaintiff's] claim[s] occurred" in Vinita, Oklahoma located in Craig County. Moreover, it is likely Defendants, who are primarily NOCC officials, reside in or near Craig County as well. The County of Craig, State of Oklahoma is located within the Northern District of Oklahoma. 28 U.S.C. § 116(a).[1] Thus, venue is proper in that court. 28 U.S.C. § 1391(b)(2).

## RECOMMENDATION

The undersigned recommends the transfer of this action to the United States District Court for the Northern District of Oklahoma. Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by ___September 2nd___, 2020, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling.

---

[1] The undersigned judicially notices the location of Craig County, Oklahoma. *See* Fed. R. Evid. 201(b); *see also United States v. Piggie*, 622 F.2d 486, 488 (10th Cir. 1980) ("Geography has long been peculiarly susceptible to judicial notice for the obvious reason that geographic locations are facts which are not generally controversial . . . .").

*Moore v. United States of America*, 950 F.2d 656 (10th Cir. 1991); *see*, *c.f.*, *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

Dated this   13th   day of August, 2020.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE