IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DARRON FAIR, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. CIV-20-741-SLP |
| SCOTT CROW, et al., | ) ) ) |
| Defendants. | ) |

### O R D E R

Plaintiff Darron Fair, a state prisoner appearing *pro se*, filed this action under 42 U.S.C. § 1983 against two Defendants associated with the Oklahoma Department of Corrections and seven Defendants associated with the Northeast Oklahoma Correctional Center [Doc. No. 1]. Mr. Fair's claims center on alleged misconduct while Mr. Fair was a prisoner at the Northeast Oklahoma Correctional Center.[1] This case was referred to United States Magistrate Judge Gary M. Purcell consistent with 28 U.S.C. § 636 [Doc. No. 4]. Upon an initial screening, 28 U.S.C. § 1915A(a), Judge Purcell recommended the transfer of the case to the United States District Court for the Northern District of Oklahoma [Doc. No. 8]. Plaintiff did not file any objection to the Report and Recommendation. Accordingly, the Court reviews the Report and Recommendation for clear error. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); *see also Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1461–62 (10th Cir. 1988) ("Magistrates may issue orders as to non-dispositive

---

[1] Initially, Mr. Fair listed his address at the Joseph Harp Correctional Center in Lexington, Oklahoma [Doc. No. 1]. Subsequently, Mr. Fair informed the Court that his address had changed to the William S. Key Correctional Center in Fort Supply, Oklahoma [Doc. No. 11].

1

pretrial matters, and district courts review such orders under a 'clearly erroneous or contrary to law' standard of review."). Whether to transfer venue is a non-dispositive matter. *Vista Partners, Inc. v. Brainscope Co., Inc.*, No. 19-CV-00138-CMA-SKC, 2019 WL 3543625, at *3 (D. Colo. Aug. 5, 2019). Under the clear error standard, the Court must affirm "unless it on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Ocelot Oil Corp.*, 847 F.2d at 1464 (quotation and internal quotation marks omitted). This Court agrees with Judge Purcell's Report and Recommendation with one clarification—that the Court is transferring the case pursuant to 28 U.S.C. § 1404(a).

The Court may consider venue issues *sua sponte*. *See Trujillo v. Williams*, 465 F.3d 1210, 1222 (10th Cir. 2006); *Love's Travel Stops & Country Stores, Inc. v. Oakview Constr., Inc.*, No. CIV-10-235-D, 2010 WL 4811450, at *6 (W.D. Okla. Nov. 19, 2010). While Judge Purcell was correct in concluding that venue is proper in the Northern District of Oklahoma because that is where "a substantial part of the events or omissions giving rise to the claim occurred," the Court is careful to note that venue is also proper in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located[.]" 28 U.S.C. § 1391(b)(1)-(2). Plaintiff sued two Defendants associated with the Oklahoma Department of Corrections—Scott Crow and an Officer Blackward [Doc. No. 1]. Accordingly, venue is also proper in this district, which encompasses Oklahoma County. *State ex rel. Dep't of Corr. v. Brock*, 513 P.2d 1293, 1295 (Okla. 1973) (noting Oklahoma County is "the official residence of the Department of Corrections").

However, transferring this case to the Northern District of Oklahoma is appropriate under 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."). This is because the underlying events occurred in that judicial district, 28 U.S.C. § 1391(b)(2), and seven out of the nine Defendants are affiliated with the Northeast Oklahoma Correctional Center, which is in that district. Thus, witnesses and proof are likely more available in that venue. The connection that venue has to this lawsuit is stronger. *See Hines v. Allbaugh*, No. CIV-19-439-R, 2019 WL 2998575, at *2 (W.D. Okla. June 18, 2019), *report and recommendation adopted*, No. CIV-19-439-R, 2019 WL 2997844 (W.D. Okla. July 9, 2019) (transferring case to the Eastern District of Oklahoma because the underlying events occurred there, although the plaintiff had included the Director of the Oklahoma Department of Corrections as a defendant).

IT IS THEREFORE ORDERED that the Report and Recommendation is ADOPTED as modified herein [Doc. No. 8]. The Clerk of Court is directed to transfer this action to the United States District Court for the Northern District of Oklahoma. Plaintiff's pending Motion for Appointment of Counsel [Doc. No. 9] should be addressed by the United States District Court for the Northern District of Oklahoma.

IT IS SO ORDERED this 22nd day of September, 2020.

*[signature]*
SCOTT L. PALK
UNITED STATES DISTRICT JUDGE